IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JESSE G., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:24-cv-545-JTA |
| | ) (WO) |
| FRANK BISIGNANO,[1] Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Pursuant to 42 U.S.C. § 405(g), Plaintiff Jesse G. brings this action to review a final decision by the Commissioner of Social Security ("Commissioner"). (Doc. No. 1.)[2] The Commissioner denied Plaintiff's application for a period of disability and Disability Insurance Benefits ("DIB"). The Court construes Plaintiff's memorandum in support of his Complaint (Doc. No. 11) as a motion for summary judgment and the Commissioner's memorandum in support of the Commissioner's decision as a motion for summary judgment (Doc. No. 17). The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Docs. No. 5, 6.)

---

[1] Frank Bisignano became the Commissioner of Social Security on May 6, 2025, and under Federal Rule of Civil Procedure 25(d) is automatically substituted as the defendant. *See* Fed. R. Civ. P. 25(d).

[2] Document numbers as they appear on the docket sheet are designated as "Doc. No."

1

After scrutiny of the record and the motions submitted by the parties, the Court finds Plaintiff's motion for summary judgment is due to be GRANTED, the Commissioner's motion for summary judgment is due to be DENIED, and the Commissioner's decision is due to be REVERSED and REMANDED for further proceedings consistent with this opinion.

## I.     PROCEDURAL HISTORY AND FACTS

Plaintiff is an adult male with a ninth-grade education and past relevant work as a bricklayer. (R. 32–33, 39, 150.)[3] He alleged a disability onset date of August 1, 2019,[4] due to low vision, arthritis, and "disk[s] rubbing together in [his] back." (R. 149.) On May 23, 2021, Plaintiff protectively filed a Title II application (42 U.S.C. §§ 401, *et seq*.) for a period of disability and DIB. (R. 17.) The application was denied initially and upon reconsideration. (R. 17.) Plaintiff requested an administrative hearing on August 7, 2023. (R. 113.) The ALJ held an administrative hearing on November 16, 2023. (R. 29.) Following the administrative hearing, the Administrative Law Judge ("ALJ") denied Plaintiff's request for benefits in a decision dated March 19, 2024. (R. 17–25.)

Plaintiff requested review by the Appeals Council, and it denied review on July 5, 2024. (R. 1–3.) Consequently, the hearing decision became the final decision of the Commissioner. *See* 42 U.S.C. § 405(g); *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (citation omitted) ("When as in this case, the ALJ denies benefits and the [Appeals

---

[3] Citations to the administrative record ("R.") are consistent with the transcript of administrative proceedings filed in this case. (*See* Doc. No. 10.)

[4] Plaintiff's date last insured was December 31, 2021. (R. 18.)

Council] denies review, [the court] reviews[s] the ALJ's decision as the Commissioner's final decision.").

On August 27, 2024, Plaintiff filed this action seeking review of the Commissioner's final decision. (Doc. No. 1.) The parties have briefed their respective positions. (Docs. No. 11, 17.)

This matter is ripe for review.

## II.  STANDARD OF REVIEW

Judicial review of disability claims is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005). The court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1257 (11th Cir. 2019) (citations omitted). "Substantial evidence" is more than a mere scintilla and is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1346, 1349 (11th Cir. 1997)). Even if the Commissioner's decision is not supported by a preponderance of the evidence, the findings must be affirmed if they are supported by substantial evidence. *Id.* at 1158-59; *see also Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The court may not find new facts, reweigh evidence, or substitute its own judgment for that of the Commissioner. *Bailey v. Soc. Sec. Admin., Comm'r*, 791 F. App'x 136, 139 (11th Cir. 2019); *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004); *Dyer*, 395 F.3d at 1210. However, the

3

Commissioner's conclusions of law are not entitled to the same deference as findings of fact and are reviewed *de novo*. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The district court may remand a case to the Commissioner for a rehearing if the court finds "either . . . the decision is not supported by substantial evidence, or . . . the Commissioner or the ALJ incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996).

### III.   STANDARD FOR DETERMINING DISABILITY

An individual who files an application for DIB must prove that he is disabled. *See* 20 C.F.R. § 404.1505. The Act defines "disability" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 405.1505(a).

Disability under the Act is determined under a five-step sequential evaluation process. 20 C.F.R. § 404.1520. The evaluation is made at the hearing conducted by the ALJ. *See Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018). First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). "Substantial gainful activity" is work activity that

involves significant physical or mental activities. 20 C.F.R. § 404.1572(a). If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. § 404.1520(b). Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limit the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). Absent such impairment, the claimant may not claim disability. *Id*. Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). If such criteria are met, then the claimant is declared disabled. 20 C.F.R. § 404.1520(d).

If the claimant has failed to establish that he is disabled at the third step, the ALJ may still find disability under the next two steps of the analysis. At the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"), which refers to the claimant's ability to work despite his impairments. 20 C.F.R. § 404.1520(e). The ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 404.1520(f). If it is determined that the claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. § 404.1560(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, then the analysis proceeds to the fifth and final step. 20 C.F.R. § 404.1520(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with his RFC, age, education, and work experience. 20 C.F.R. § 404.1560(c). Here, the burden of proof shifts from the claimant to

5

the ALJ in proving the existence of a significant number of jobs in the national economy that the claimant can perform given his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c). *See Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) ("The burden then shifts to the Secretary to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform."). To determine the existence of other jobs which the claimant can perform, the ALJ may rely on the testimony of a vocational expert ("VE"). *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011).

## IV.    ADMINISTRATIVE DECISION

Within the structure of the sequential evaluation process, the ALJ found Plaintiff had not engaged in substantial gainful activity between the alleged disability onset date and December 31, 2021, the date last insured. (R. 20.) The ALJ noted Plaintiff did show earnings in 2019 and 2020 and "some of [Plaintiff's] 2019 earnings were above the substantial gainful activity amount." (*Id.*) However, the ALJ did not find Plaintiff to have engaged in substantial gainful activity because she found credible Plaintiff's "sworn testimony that he was forced to stop working after a brief period because of the progressive effects of his impairments," specifically "weakness of the upper and lower extremities." [5]

---

[5] At the hearing, Plaintiff testified he stopped working as a bricklayer because he had trouble balancing on scaffolds, his legs were "giving out," and he "started getting weakness in [his] leg and [his] knee swelling up, [his] shoulders, all the way down. All the way down to [his] hands, stuff that aches." (R. 34.)

(*Id.*) Thus, the ALJ found Plaintiff's "work attempt does not demonstrate actual substantial gainful activity . . . or the ability to perform [substantial gainful activity]." (*Id.*)

Next, the ALJ determined Plaintiff suffers from "the following medically determinable impairments: myopia, low vision, arthralgia, and alcoholism." (*Id.*) Nonetheless, the ALJ found "[t]hrough the date last insured, the claimant did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant did not have a severe impairment or combination of impairments." (*Id.*) Specifically, the ALJ stated:

> Because the claimant's medically determinable mental impairments caused no more than "mild" limitation in any of the functional areas and the evidence did not otherwise indicate that there were more than minimal limitations in the claimant's ability to do basic work activities, these impairments were nonsevere (20 CFR 404.1520a(d)(1)).
>
> Based on the foregoing, the claimant's physical and mental impairments, considered singly and in combination, did not significantly limit the claimant's ability to perform basic work activities prior to the date last insured. The claimant's alcoholism was not material to this claim prior to the date last insured. Thus, the claimant did not have a severe impairment or combination of impairments with or without substance abuse, pursuant to SSRs 85-28 and 13-2p, before December 31, 2021, the date last insured.

(R. 22-23.)

The ALJ continued to the next step of the analysis, finding "[b]efore the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (R. 24.)

Next, the ALJ found Plaintiff "was unable to perform any past relevant work prior to the date last insured."[6] (R. 24.) "However," the ALJ reiterated at this stage of the analysis that, "based on the medical evidence of record, the [ALJ] found [Plaintiff's] medically determinable impairments were nonsevere prior to the date last insured." (R. 24.)

Though the ALJ determined Plaintiff could not perform his past work due to his impairments, the ALJ did not consider whether Plaintiff could do other work available in the national economy. (R. 24.) The ALJ concluded Plaintiff "was not under a disability, as defined in the Social Security Act, at any time from August 1, 2019, the alleged onset date, through December 31, 2021, the date last insured." (R. 25.)

## V.    DISCUSSION

Plaintiff alleges the Commissioner's decision should be remanded for three reasons: (1) the ALJ's decision is internally inconsistent, creating error at multiple levels; (2) the ALJ applied an incorrect legal standard when evaluating which impairments are medically determinable; and (3) the ALJ failed to properly consider Plaintiff's lumbar spinal stenosis. (Doc. No. 11 at 1.) With respect to the first issue,[7] Plaintiff argues the ALJ's opinion is internally inconsistent (and therefore unsupported by substantial evidence) because the ALJ simultaneously found (1) Plaintiff's employment during the relevant period constituted an unsuccessful work attempt due to impairment-related inability to work; (2)

---

[6] The ALJ made no determination as to Plaintiff's RFC prior to determining he was unable to perform his past work.

[7] Because the Court finds this action is due to be remanded on the basis of the first issue, the Court pretermits discussion of the remaining issues.

8

Plaintiff had no severe impairments; and (3) Plaintiff was unable to perform his past relevant work. Plaintiff contends those findings are inherently inconsistent because, by definition, an impairment or combination of impairments that prevents a claimant from engaging in his past employment must be severe. The Commissioner counters that the regulations do not mandate that a step-one finding of an unsuccessful work attempt necessarily determines the outcome of the step-two severe-impairment analysis. The Commissioner also argues although "there is an unfortunate drafting error[8] in the decision with respect to the ALJ making findings past step two[,] . . . Plaintiff can show no harm" because "any unnecessary finding about a subsequent step of the sequential evaluation process [is] irrelevant." (Doc. No. 17 at 6–7.)

A medically determinable impairment is nonsevere only if it "does not significantly limit a claimant's physical or mental ability to do basic work activities." 20 C.F.R. § 404.1522(a). "Basic work activities," in turn, are defined as "the abilities and aptitudes necessary to do most jobs," including, for example, "[p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling." 20 C.F.R. § 404.1522(b). As Plaintiff points out, the severe-impairment determination at step two

> is a threshold inquiry. It allows only claims based on the most trivial impairments to be rejected. The claimant's burden at step two is mild. An impairment is not severe only if the abnormality is so slight and its effect so

---

[8] To the Commissioner's credit, the Commissioner acknowledges numerous errors and contradictions in the ALJ's opinion, including errors Plaintiff did not point out. The Commissioner contends these errors and contradictions are harmless. Harmless errors do not form the basis of the remand in this case. Still, the numerous errors and contradictions in the ALJ's decision, including those that do not necessitate remand, do not engender confidence in the overall reliability of the ALJ's opinion.

minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience. Claimant need show only that [his] impairment is not so slight and its effect is not so minimal.

*McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986).

According to the ALJ's own findings at step one and step four, [9] because of the limiting effects of Plaintiff's impairments, Plaintiff's work attempt during the relevant period was unsuccessful and he could not perform his past relevant work during the relevant period. (R. 20, 24.) In other words, the ALJ's findings establish at least some of Plaintiff's impairments are not "slight" or "minimal," but "would clearly . . . be expected to interfere with [Plaintiff's] ability to work." *McDaniel*, 800 F.2d at 1031. Those findings are inconsistent with the ALJ's step-two determination that Plaintiff "did not have a severe impairment or combination of impairments" during the relevant period. (R. 20.) 20 C.F.R. § 404.1522(a)–(b); *McDaniel*, 800 F.2d at 1031.

The Court is not persuaded by the Commissioner's arguments that the inconsistencies regarding the severity of Plaintiff's impairments are harmless in this case. The Commissioner contends the ALJ's step-one finding can be ignored because the ALJ

---

[9] The Court is unmoved by the Commissioner's argument that the regulations do not require that, in every case, at step-one a finding of an unsuccessful work attempt mandates a step-two finding of a severe impairment. *See* 20 C.F.R. § 404.1574(c) ("Ordinarily, work you have done will not show that you are able to do substantial gainful activity if, after you worked for a period of 6 months or less, your impairment forced you to stop working . . . and you meet the conditions described in paragraphs (c)(2), (3), and (4) of this section."). It is clear that, in *this* case, the ALJ found Plaintiff's impairments interfered with his ability to work at step one and step four. Therefore, in this case, the ALJ's findings at step one and step four are inconsistent with her finding of no severe impairment at step two.

10

relied on Plaintiff's oral testimony, which is not sufficient to establish a medically-determinable impairment. (Doc. No. 17 at 6.) Although the ALJ relied in step one on Plaintiff's testimony that he stopped working due to "weakness of the upper and lower extremities," the ALJ did not use that testimony to *establish* a medically-determinable[10] impairment. (R. 20.) Instead, she relied on Plaintiff's subjective testimony to support her conclusion that Plaintiff "was forced to stop working after a brief period because of the progressive effects of his impairments." (*Id.*) Because the ALJ found the "progressive effects of Plaintiff's impairments" "forced [Plaintiff] to stop working," the ALJ's finding at step one is consistent with Plaintiff having impairments that substantially interfered with his ability to work.[11]

---

[10] "[A] physical or mental impairment must be established by objective medical evidence from an acceptable medical source." 20 C.F.R. § 404.1521. The ALJ expressly relied on objective medical evidence to establish Plaintiff's impairments, as demonstrated by her analysis at step two. At no point in step one, step two, or elsewhere did the ALJ find or even suggest that Plaintiff's testimony established a physical impairment of any kind, including a physical impairment that prevented him from engaging in substantial gainful activity. *See id.* ("We will not use your statement of symptoms, a diagnosis, or a medical opinion to establish the existence of an impairment(s).").

[11] As the Commissioner points out, the regulations do not mandate a step-two finding of a severe impairment merely because the ALJ made a step-one finding that a claimant's work attempt during the relevant period was unsuccessful due to the limiting effects of the claimant's impairments. It is theoretically possible that, in some cases, a medically determinable impairment could force a claimant to stop working after a brief period of six months or less, thus rendering a work attempt unsuccessful at step one, yet still allow a finding of no disability at step two because the impairment itself would not be expected to last at least twelve months or result in death. *See* 20 C.F.R. § 404.1520(a)(4)(ii) ("At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment *that meets the duration requirement in § 404.1509*, or a combination of impairments that is severe *and meets the duration requirement*, we will find that you are not disabled." (emphasis added)); 20 C.F.R. § 404.1574(c) (defining the duration of an unsuccessful work attempt); *see also* 20 C.F.R. § 404.1505 (defining disability); 20 C.F.R. § 404.1509 ("Unless your impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months. We call this the duration requirement."). The Commissioner does not argue that is the situation here, nor would such an argument be consistent with the ALJ's opinion in this case. Here,

The Commissioner also argues that, "once the ALJ found that Plaintiff had no severe impairment(s) at step two, the ALJ properly found Plaintiff not disabled,[12] and any unnecessary finding about a subsequent step of the sequential evaluation process was irrelevant." (Doc. No. 17 at 7.) The Commissioner contends the remaining steps of the analysis are "irrelevant" because, if the case were remanded, "the only action the ALJ would take on remand is to delete the irrelevant step-three finding and step-four finding before once again finding Plaintiff not disabled based on the step-two finding."[13] (*Id.*) The problem with this argument is that it requires the Court, unaided by an adequately cogent opinion from the ALJ, to speculate about the intent or meaning behind the ALJ's findings. *Cf. Ford v. Astrue*, No. 1:09-CV-1047-WC, 2011 WL 671520, at *2 (M.D. Ala. Feb. 17, 2011) ("[T]o the extent [the Commissioner's] position in this litigation has been to defend the ALJ's error and invite the Court to supply the findings purportedly intended by the ALJ,

---

the ALJ plainly concluded Plaintiff's impairments forced him to stop his work attempt "after a brief period" and thereafter prevented him from working throughout the relevant two-and-one-half year period. (R. 20, 24.)

[12] The ALJ did not expressly find Plaintiff was not disabled at step two. Even if she had, such a finding would be inconsistent with her findings at other steps of the analysis.

[13] The ALJ's opinion is inadequate to support the Commissioner's contention as to how she would resolve the inconsistencies on remand. Finding disability at step two is not "the only action" she could take. She could just as well stand by her conclusions at steps one and four and reconsider her step-two analysis. The Court cannot—and therefore will not—say which way she should resolve the inconsistencies on remand. *See Jones v. Berryhill*, No. CV 118-010, 2019 WL 922255, at *6 (S.D. Ga. Jan. 28, 2019) ("The Court cannot now engage in an administrative review that was not done in the first instance at the administrative level, but rather must examine the administrative decision as delivered. . . . The Court offers no opinion on what a complete and accurate review of the administrative record might conclude on Plaintiff's disability applications, but the Court cannot conclude that the decision as reported by the ALJ is supported by substantial evidence. As such, remand is warranted."), *report and recommendation adopted*, No. CV 118-010, 2019 WL 919007 (S.D. Ga. Feb. 25, 2019).

12

despite clear ambiguities in the record, such position is not 'substantially justified.'"). Either the ALJ erred at step two, or she mistakenly stated at steps one and four that Plaintiff's impairments interfered with his ability to work when she intended to conclude otherwise. The opinion provides no conclusive indication which error the ALJ made, although it is difficult to conceive the ALJ stated precisely the opposite of what she meant at steps one and four.

Moreover, if the ALJ had some basis for reconciling her inconsistent conclusions, she entirely failed to articulate it, which is itself error that precludes meaningful review of her decision. *Morrison v. Comm'r of Soc. Sec.*, 660 F. App'x 829, 834 (11th Cir. 2016) ("There may be an adequate explanation for th[e] apparent inconsistency," in the record, "but the ALJ has not provided it here. The ALJ must state the grounds for [her] decision with clarity to enable us to conduct meaningful review."). The Court cannot retroactively construct a rationale to justify the ALJ's conclusions; it must take her opinion as it is written. *See McDonald v. O'Malley*, No. 1:23-CV-381-JTA, 2024 WL 4314895, at *1 (M.D. Ala. Sept. 26, 2024) ("Judicial review of disability claims is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied . . . . The court may not find new facts, reweigh evidence, or substitute its own judgment for that of the Commissioner." (citations omitted)).

Controlling law requires the ALJ "must state the grounds for [her] decision with clarity to enable [the Court] to conduct meaningful review." *Hanna v. Astrue*, 395 F. App'x 634, 636 (11th Cir. 2010) (citing *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)). "[F]ailure to apply the correct law or to provide the reviewing court with sufficient

13

reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). Here, the fatal contradictions in the ALJ's opinion are "so obvious that even a cursory review of the decision" reveals the incomplete, fragmentary, disjointed nature of the ALJ's rationale. *Ford*, No. 1:09-CV-1047-WC, 2011 WL 671520, at *2. The Court cannot cure the mutually-incompatible inconsistencies in the ALJ's decision without independently constructing a *post hoc* analysis and deciding the facts anew. Hence, the unexplained contradictions in the ALJ's opinion thwart assessment by the Court of whether her decision was supported by substantial evidence and based on the proper legal standards.

Because the deficiencies in the ALJ's opinion preclude meaningful review, the ALJ's error is not harmless, and reversal is therefore warranted. *See Mills v. Astrue*, 226 F. App'x 926, 931 (11th Cir. 2007) (holding reversal was warranted where, due to the ALJ's failure to adequately explain his decision, the court "c[ould] not say the [ALJ's] error was harmless without re-weighing the evidence," for "[t]o do so would call for conjecture that invades the province of the ALJ"); *Bloodsworth*, 703 F.2d at 1239 ("We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]"); *cf. Jones v. Comm'r of Soc. Sec.*, No. 8:20-CV-2498-JSS, 2022 WL 522586, at *5 (M.D. Fla. Feb. 22, 2022) ("As the ALJ's decision fails to adequately explain the basis for rejecting the VA's ratings, the court declines to reconstruct the decision to support the ALJ's determination—the court must 'examine the administrative decision as delivered.'" (quoting *Jones v. Berryhill*, No. cv 118-010, 2019 WL 922255, at *6 (S.D. Ga. Jan. 28, 2019), *report and recommendation adopted*, No. CV 118-010, 2019 WL 919007

(S.D. Ga. Feb. 25, 2019)); *Berryhill*, 2019 WL 922255, at *6 (S.D. Ga. Jan. 28, 2019) ("The Court cannot now engage in an administrative review that was not done in the first instance at the administrative level, but rather must examine the administrative decision as delivered. . . . The Court offers no opinion on what a complete and accurate review of the administrative record might conclude on Plaintiff's disability applications, but the Court cannot conclude that the decision as reported by the ALJ is supported by substantial evidence. As such, remand is warranted."); *cf. also Ford*, 2011 WL 671520, at *2 (awarding the claimant attorneys' fees because, although "the source of error . . . was likely mere oversight by the ALJ," "mere oversight which results in the ALJ's abject failure to perform the most basic function of his duties" (*i.e.*, sufficiently articulating the basis of his opinion to allow meaningful review) "cannot be explained away or treated as innocuous. The ALJ's error in this case was obvious and precluded this Court from reviewing his decision.").

### VI. CONCLUSION

For the reasons stated, the Court finds the decision of the Commissioner is not in accordance with applicable law. Therefore, it is ORDERED as follows:

1. Plaintiff's motion for summary judgment (Doc. No. 11) is GRANTED.

2. The Commissioner's motion for summary judgment (Doc. No. 17) is DENIED.

3. This action is REVERSED and REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum Opinion and Order.

A separate judgment will issue.

DONE this 15th day of September, 2025.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE