IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JESSE G., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:24-cv-545-JTA |
| | ) (WO) |
| FRANK BISIGNANO, Commissioner of | ) |
| Social Security, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

Before the Court is the motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), filed by Plaintiff. (Doc. No. 24.) Plaintiff seeks fees in the amount of $8,324.39. (*Id*.) The Commissioner of Social Security ("Commissioner"), does not oppose the motion. (Doc. No. 28.)

Under the EAJA, a federal court must award a Social Security claimant attorney's fees if the Commissioner's position in the litigation was not "substantially justified" and no other "special circumstances" exist that would "make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). A position is substantially justified "when it has a reasonable basis in both law and fact." *United States v. Douglas*, 55 F.3d 584, 588 (11th Cir. 1995). The Commissioner "bears the burden of showing that its position was substantially justified." *City of Brunswick v. United States*, 849 F.2d 501, 504 (11th Cir. 1988).

1

The Court reversed the Commissioner's decision and remanded this case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Docs. No. 22, 23.) Plaintiff thus is a prevailing party. Because the Commissioner does not oppose Plaintiff's motion and has offered nothing to carry the burden of proving his position was substantially justified, the Court finds the Commissioner's position was not substantially justified and Plaintiff is entitled to an award of attorney fees under the EAJA. Accordingly, it is ORDERED as follows:

1. The unopposed motion for attorney's fees pursuant to the Equal Access to Justice Act (Doc. No. 24) is GRANTED.

2. The plaintiff is hereby AWARDED fees in the amount of $8,324.39, subject to any offset applicable under 31 U.S.C. § 3716.[1]

3. The check should be mailed to Jesse Gray, c/o Anna L. King, Ludlum & King LLC, P.O. Box 1809, Auburn, AL 36831.

DONE this 13th day of January, 2026.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE

---

[1] On June 14, 2010, the United States Supreme Court decided *Astrue v. Ratliff*, 560 U.S. 586 (2010), wherein the Court unambiguously held that attorney's fees are awarded to the prevailing litigant – not to prevailing litigant's attorney – and are therefore subject to any offset for debts.